**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-02295-NYW-MDB

LIGHTHOUSE FOR THE BLIND,

     Plaintiff,
v.

KI ME CO, LLC,

     Defendant.

---

### MEMORANDUM OPINION AND ORDER

---

Pending before the Court is Lighthouse for the Blind's Renewed Motion for Default Judgment (the "Motion" or "Renewed Motion for Default Judgment"), [Doc. 20], in which Plaintiff Lighthouse for the Blind ("Plaintiff") requests that this Court enter default judgment against Defendant Ki Me Co, LLC[1] ("Defendant"). Upon review of the Motion, the record before the Court, and the applicable case law, the Renewed Motion for Default Judgment is respectfully **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Plaintiff manufactures goods created by visually impaired employees. [Doc. 1 at ¶ 2]. Plaintiff alleges that, on or before December 11, 2023, Defendant placed an order for over $132,000 of Plaintiff's products. [*Id.* at ¶¶ 8–9]. Plaintiff shipped the products to Defendant and Defendant accepted the products, but Defendant has failed to pay Plaintiff. [*Id.* at ¶¶ 10–11].

---

[1] The Court observes that Plaintiff lists Defendant as "Ki Me Co, LLC" in the Complaint, [Doc. 1], but Defendant is listed as "Kimeco, Llc" on the subject invoice, *see* [Doc. 20-4].

As a result of Defendant's non-payment, Plaintiff initiated this action on August 20, 2024, asserting three claims against Defendant: (1) breach of contract; (2) unjust enrichment; and (3) a claim captioned "account stated." [*Id.* at 2–4 (capitalization altered)].

Defendant was served on August 27, 2024, [Doc. 7], but failed to answer or otherwise respond to Plaintiff's Complaint. Accordingly, Plaintiff obtained a clerk's entry of default on December 11, 2024. [Doc. 13].

Plaintiff then submitted the original Motion for Default Judgment, [Doc. 14], which this Court denied without prejudice upon concluding that Plaintiff's allegations were insufficient for the Court to conclude that diversity jurisdiction exists in this case. [Doc. 17 at 5]. The Court then ordered Plaintiff to show cause, in writing, why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. [*Id.*]. Accordingly, Plaintiff filed a response to the Court's order to show cause ("Response to OSC") asserting that Plaintiff is a citizen of Missouri and Defendant is a citizen of Colorado. [Doc. 18]. Plaintiff's submission included attendant exhibits supporting these assertions. *See* [Doc. 18-1; Doc. 18-2; Doc. 18-3; Doc. 18-4; Doc. 18-5; Doc. 18-6]. After reviewing Plaintiff's Response, the Court discharged its order to show cause. [Doc. 19]. As a result, Plaintiff filed the current Motion asking the Court to enter default judgment against Defendant. [Doc. 20].

## LEGAL STANDARD

Default judgment may be entered against a party that fails to appear or otherwise defend against the action. Fed. R. Civ. P. 55. To obtain a judgment by default, the moving party must follow the two-step process described in Rule 55: "[F]irst, he or she must seek

an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hosp., Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011).

Before entering default judgment, the Court must determine whether it has jurisdiction, and if it does, whether the well-pleaded factual allegations in the Complaint and any attendant affidavits or exhibits support judgment on the claims against the defendant. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("There must be a sufficient basis in the pleadings for the judgment entered." (quotation omitted)). If the Court lacks jurisdiction—either subject matter jurisdiction over the action or personal jurisdiction over the defendant—then default judgment cannot be entered. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (emphasis and quotation omitted)). A defendant who has defaulted is deemed to have admitted the factual allegations of the complaint as true as well as the undisputed facts alleged in affidavits and exhibits. *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009); *see also Mrs. Condies Salad Co. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012). "[T]he entry of a default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

3

# ANALYSIS

As the Clerk of Court has entered default, *see* [Doc. 13], this Court must determine whether it possesses jurisdiction and whether the well-pleaded factual allegations in the Complaint and attendant exhibits support default judgment against Defendant.

## I. Subject Matter Jurisdiction

The Court first considers whether it possesses subject matter jurisdiction over the action. In the Complaint, Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1 at ¶ 6]. Under this statute, a federal court has jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the party invoking diversity jurisdiction, Plaintiff "bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Plaintiff alleges that it is a citizen of the state of Missouri. *See* [Doc. 1 at ¶ 1 (Plaintiff alleging that it is incorporated in Missouri and has its principal place of business in Missouri)]; *see also* 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of the state in which it is incorporated and where it has its principal place of business). As for Defendant, Plaintiff alleges that Defendant is a limited liability company. [Doc. 1 at ¶ 3]. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined not by its state of organization or its principal place of business, but by the citizenship of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Accordingly, to plausibly allege Defendant's state of citizenship, Plaintiff must affirmatively identify Defendant's members and provide the Court with the

4

citizenship information for each member. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.").

Plaintiff alleges that Defendant's sole member is Carlos Morales ("Mr. Morales"), [Doc. 1 at ¶ 4], and by its default, Defendant has admitted that allegation, *Brill Gloria*, 2009 WL 416467, at *2. Plaintiff's Response to OSC includes exhibits to support this allegation. *See, e.g.*, [Doc. 18-1; Doc. 18-2; Doc. 18-3]. Thus, the citizenship status of Defendant is fully dependent on the domicile of Mr. Morales. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. To make this determination, the Court considers the "totality of the circumstances." *Middleton*, 749 F.3d at 1200–01.

Plaintiff has provided sufficient evidence to demonstrate that Mr. Morales is domiciled in Colorado—namely, his Colorado address, his ownership of Colorado property, and his employment in Colorado. *See* [Doc. 18 at ¶ 4]. Therefore, Plaintiff has adequately alleged that Defendant is a citizen of Colorado and that complete diversity exists in this case.

Finally, pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." As to the amount in controversy, courts accept a plaintiff's allegations that the amount in controversy exceeds the requisite

5

$75,000, unless the defendant can prove to a legal certainty that the plaintiff cannot recover the alleged amount. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Plaintiff alleges that the amount in controversy exceeds the $75,000 threshold, [Doc. 1 at ¶¶ 12, 17], and has put forth evidence that this is true, *see* [Doc. 20-3; Doc. 20-4]. Accordingly, the Court finds that the amount in controversy exceeds $75,000 and that the Court has subject matter jurisdiction over this action.

Having resolved the question of subject matter jurisdiction, the Court turns to the issue of personal jurisdiction.

## II.  Personal Jurisdiction

For Plaintiff, the Court recognizes Plaintiff's filing of this lawsuit in the District of Colorado as express consent to its jurisdiction and a waiver of any dispute. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can . . . be waived.").

For Defendant, "[t]o analyze personal jurisdiction in federal court, a court must determine (1) the adequacy of the service, including 'whether any applicable statute authorizes the service of process on [the Defendant]' and (2) 'whether the exercise of such statutory jurisdiction comports with constitutional due process demands.'" *Columbia Cas. Co. v. Valor Health Network, LLC*, No. 23-cv-00998-CNS-STV, 2024 WL 3597180, at *3 (D. Colo. July 31, 2024) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)).

As for the adequacy of service, an LLC defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.

6

R. Civ. P. 4(h)(1)(B).  An LLC may also be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), which includes service at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent," Colo. R. Civ. P. 4(e)(1).  *See also* Fed. R. Civ. P. 4(e)(1) (permitting service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").  The Summons and Complaint were served on Defendant by leaving the documents with Miguel Rascon, who is a supervisor for Defendant.  [Doc. 7; Doc 20 at ¶ 5].  The Court therefore finds Defendant was properly served in accordance with Federal Rules of Civil Procedure 4.

Second, "[b]ecause the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit," this Court must only determine "whether the requirements of due process are satisfied." *Columbia Cas. Co.*, 2024 WL 3597180, at *4 (quoting *Allison v. Wise*, 621 F. Supp. 2d 1114, 1117 (D. Colo. 2007)).  In accordance with due process, "court[s] may exercise general jurisdiction only when a defendant is essentially at home in the State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (quotation omitted).  For limited liability companies, courts in this District and other district courts in the Tenth Circuit have held that an LLC's state of organization is where the company is "at home," and exercising general personal jurisdiction over the company in that state is consistent with the Due Process Clause.  *Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 978 (D. Wyo. 2022) ("[A]n LLC is 'at home' in its state of organization and is therefore

7

subject to general personal jurisdiction within that state consistent with the Due Process Clause."); *Columbia Cas. Co.*, 2024 WL 3597180, at *5 ("Each member organization . . . is organized under the laws of the State of Colorado. Thus, each member organization . . . is 'at home' in Colorado and the Court's exercise of personal jurisdiction over them is appropriate." (citation omitted)). Consistent with other courts, this Court finds that general personal jurisdiction over LLCs in their state of organization will not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). Because Defendant is organized under the laws of the state of Colorado, the Court may exercise general personal jurisdiction over Defendant. [Doc. 1 at ¶ 3; Doc. 18-1].

### III.   Merits

#### A.   Breach of Contract

Finally, the Court must consider whether Plaintiff has established Defendant's liability, as well as the amount of damages to which Plaintiff is entitled. *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020) ("Default judgment cannot be entered against defaulting defendants until the amount of damages has been ascertained.").

To state a claim for breach of contract under Colorado law, "a plaintiff must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted). Taking the allegations in the Complaint as true, as this Court must, the Court finds that Plaintiff has established Defendant's liability for breach of contract. *See* [Doc. 1 at ¶¶ 8–17]. First, Plaintiff and Defendant

entered into a contract. [*Id*. at ¶ 14]. Second, Plaintiff performed "its contractual obligations by shipping the product to Defendant." [*Id*. at ¶ 15].[2] Third, Defendant breached its duty under the contract by failing to pay for the accepted products. [*Id*. at ¶ 16]. And finally, Defendant's conduct caused Plaintiff to suffer damages. [*Id.* at ¶¶ 12, 17; Doc. 20-3; Doc. 20-4]. Thus, Plaintiff has established each element of its breach of contract claim, and default judgment on this claim is appropriate. Finding this, the Court turns to the remaining claims.

### B.   Remaining Claims

Plaintiff additionally asserts claims for unjust enrichment and account stated. [Doc. 1]. In its Motion, Plaintiff does not seek default judgment as to any specific claim, [Doc. 20], but explicitly states in the Complaint that the unjust enrichment and account stated claims are pleaded in the alternative to the claim for breach of contract, [Doc. 1]. Because the Court has found that Plaintiff is entitled to relief on its breach of contract claim, "the bar against double recovery precludes" Plaintiff from obtaining duplicative relief under multiple alternative theories. *Gentry v. Kostecki*, No. 20-cv-01284-WJM-STV, 2022 WL 168704, at *3 (D. Colo. Jan. 19, 2022). "[T]herefore, the Court need not consider Plaintiff's request for default judgment on the remaining claims." *Id*. The Court now turns to the calculation of damages.

---

[2] While Plaintiff alleges it performed its obligations under the contract by shipping products to "Plaintiff," [Doc. 1 at ¶ 15], the Court notes that the invoice shows that the products were to Defendant, *see* [Doc. 20-4]. Accordingly, the Court assumes that this is a typographical error. The Court accepts the invoice shipping address as adequate to show that Plaintiff performed under the contract.

**IV.    Relief**

   **A.    Damages and Interest**

In an assessment of damages, the Court finds that Plaintiff is entitled to the full unpaid debt of the invoice, $132,200.64, plus interest. *See* [Doc. 1 at ¶¶ 12, 17; Doc. 20-3; Doc. 20-4]. Pre-judgment interest is calculated under state law, and post-judgment interest is calculated under federal law. *Moose Agric. LLC v. Layn USA, Inc.*, 639 F. Supp. 3d 1150, 1152 (D. Colo. 2022) ("In a federal action under diversity jurisdiction, prejudgment interest is determined by state law, and post-judgment interest is determined by federal law—specifically, by 28 U.S.C. § 1961." (citing *Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008))).

Under Colorado law, where there is no agreement as to the rate of pre-judgment interest, pre-judgment interest is calculated at a rate of 8% per annum accruing from the date of wrongful withholding. Colo. Rev. Stat. § 5-12-102(1). In Colorado, "[w]here a party breaches a contract by failing to make required payments, the money owed under the contract has been 'wrongfully withheld.'" *Concealfab Corp. v. Sabre Indus., Inc.*, No. 15-cv-01793-CMA-KLM, 2020 WL 607070, at *4 (D. Colo. Feb. 7, 2020). Here, payment was wrongfully withheld beginning January 10, 2024, the date payment was due per the invoice. *See* [Doc. 20-4, Doc. 20 at ¶ 8]. Thus, Defendant is entitled to pre-judgment interest accruing from January 10, 2024, until "the date of payment or the date judgement is entered, whichever first occurs." Colo. Rev. Stat. § 5-12-102(1)(b).

Additionally, Defendant is entitled to post-judgment interest as calculated pursuant to 28 U.S.C. § 1961, accruing from the date of entry of default judgment.

10

### B. Attorney's Fees

Plaintiff also seeks an award of attorney's fees in its Motion. [Doc. 20 at ¶ 10]. In Colorado, the American rule is generally followed in that "each litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010). Further, "[t]he party requesting an award of attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award." *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994). Here, Plaintiff alleges no contractual provision, statute, or court rule that supports an exception to the American rule, and the Motion provides no arguments entitling Plaintiff to the award. Therefore, the Motion is respectfully **DENIED** insofar as it requests attorney's fees.

### C. Costs

Additionally, Plaintiff seeks costs. [Doc. 20 at 3]. Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1, Plaintiff is **AWARDED** its costs. However, in this District, costs are taxed by the Clerk of Court, and Plaintiff must comply with this District's standard procedures for filing a bill of costs to obtain an award of costs. *See* D.C.COLO.LCivR 54.1.

### CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Renewed Motion for Default Judgment [Doc. 20] is **GRANTED in part and DENIED in part**;

(2) The Clerk of Court shall enter default judgment against Ki Me Co, LLC, in the invoice amount owed of $132,200.64;

11

(3) The amount owed is properly subject to pre-judgment interest at a rate of 8% per annum, accruing from the date of wrongful withholding, January 10, 2024;

(4) Plaintiff Lighthouse for the Blind is entitled to post-judgment interest at the statutory rate provided by 28 U.S.C. § 1961 from the date of entry of default judgment until payment is made in full;

(5) Plaintiff Lighthouse for the Blind, as the prevailing party, shall be awarded its costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 54.1; and

(6) The Clerk of the Court is **DIRECTED to TERMINATE** this case.

DATED: November 24, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge